**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

ERIC LYDELL CAFFEY PLAINTIFF
Reg. #21508-009

v. 2:23-cv-00011-BSM-JJV

MERRICK GARLAND,
United States Attorney General; *et al.* DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I. DISCUSSION

Eric Lydell Caffey ("Plaintiff") is a prisoner in the Federal Correctional Institution located at Forrest City, Arkansas. He has filed a *pro se* Complaint seeking relief pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 2.) Plaintiff says in December 2020 Defendants violated his Eighth Amendment rights by failing to take proper Covid-19 precautions and provide him with adequate medical care for Covid-19 and high blood pressure. After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice as being frivolous and failing to state a claim upon which relief

may be granted.[1]

First, Plaintiff's Covid-19 claims are already pending in a previously filed lawsuit, *Caffey v. Garland,* 2:23-cv-00010-BSM-PSH, that has not yet been served. Plaintiff cannot bring the same claim in two separate lawsuits. *See Gearhart v. Sarrazine*, No. 13-3031, 2014 WL 519995 (8th Cir. Feb. 11, 2014) (duplicative claims are properly dismissed a frivolous); *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (same); *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992)( same). Thus, this duplicative claim should be dismissed as frivolous.

Second, to plead a plausible inadequate medical care claim under the Eighth Amendment, a prisoner must provide facts suggesting: (1) he had an objectively serious need for medical care; and (2) each of the defendants subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). To establish deliberate indifference, which is a standard higher than negligence or even gross negligence, there must be facts suggesting the defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original); *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017).

Plaintiff says that from December 12 to 18, 2020, which was during the height of the Covid-19 pandemic at FCI-FC, he did not receive three prescriptions for high blood pressure because the infirmary ran out, and he received the third medication "around 4 to 5 days later." (Doc. 2 at 15.) However, it is well settled that the periodic, negligent failure to properly dispense prescription

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

medications is not deliberate indifference, and thus, insufficient to sustain a constitutional claim. *Zentmyer v. Kendall Cnty. Ill.,* 220 F.3d 805, 811 (7th Cir. 2000); *Erin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993); *see also Dulany,* 132 F.3d at 1245 ("isolated incidences of medical malpractice or negligence do not amount to deliberate indifference"). And Plaintiff has not pled any facts suggesting Defendants were subjectively aware of but deliberately different to a shortage of blood pressure medications at the FCI-FC. In fact, nothing in the Complaint suggests Defendants United States Attorney General Merrick Garland or Warden Dewayne Hendrix were personally involved in Plaintiff's medical care. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Accordingly, I recommend Plaintiff's blood pressure medication claim be dismissed for failing to state a claim upon which relief may be granted.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice as being frivolous and failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal of this action count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 23rd day of January 2023

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE